UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JESSICA PIERRE-PAUL,

                                    PLAINTIFF,

                -AGAINST-

NEW YORK CITY, POLICE OFFICER STEPHEN LALCHAN and SERGEANT KEVIN MATTHEWS, individually, and in their capacity as members of the New York City Police Department,

                                  DEFENDANTS.

**SECOND AMENDED COMPLAINT**

**15-CV-3896 (RJD-RER)**

------------------------------------------------------------------------ X

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Ms. Jessica Pierre-Paul ("Ms. Pierre-Paul") seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about July 9, 2014, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Ms. Pierre-Paul to *inter alia* false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Ms. Pierre-Paul, is 25-years-old and at all times here relevant resided at 114-43 198 Street, St. Albans, New York 11412.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Stephen Lalchan ("PO Lalchan") and Sergeant Kevin Matthews ("Sgt. Matthews") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Pierre-Paul is 25 years old.

11. On or about July 9, 2014, at approximately 4:00 pm, Ms. Pierre-Paul was walking through South Jamaica in Queens, New York.

12. Ms. Pierre-Paul met up with a friend, Mr. Shalar Nelson ("Mr. Nelson").

13. An unmarked police car then pulled up beside Ms. Pierre-Paul and Mr. Nelson.

14. PO Lalchan and Sgt. Matthews exited the unmarked police car.

15. PO Lalchan and Sgt. Matthews were not in uniform.

16. One of the officers performed a strip search on Mr. Nelson.

17. The officer removed a small bag of Marijuana from behind Mr. Nelson's genitals.

18. One of the officers informed Ms. Pierre-Paul and Mr. Nelson, in sum and substance, that the officers had to arrest both of them.

19. Ms. Pierre-Paul was arrested by PO Lalchan and Sgt. Matthews and taken to 112th Precinct.

20. At the precinct, Ms. Pierre-Paul was processed and charged with possession of Marijuana.

21. Ms. Pierre-Paul was released the same day at approximately 3:00 pm.

22. Ms. Pierre-Paul was forced to make several court appearances before the charges were ultimately dismissed on or about April 27, 2015.

23. Ms. Pierre-Paul suffered loss of employment and loss of wages due to her arrest.

24. Ms. Pierre-Paul continues to feel traumatized by the events of July 2014, and is wary and fearful when she sees police officers.

25. Ms. Pierre-Paul takes efforts to avoid police officers when in public.

26. Ms. Pierre-Paul suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

27. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

28. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

29. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

30. Defendants confined plaintiff.

31. Plaintiff was aware of, and did not consent to, her confinement.

32. The confinement was not privileged.

33. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

34. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

35. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

36. Defendants have deprived plaintiff of her right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

37. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of her rights.

38. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

39. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

40. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

41. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

42. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.
Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

5

## JURY DEMAND

43. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 8, 2016

By:    /s/ _____
Duncan Peterson (DP 7367)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075